**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BASCOM GLOBAL INTERNET SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AT&T INC., AT&T CORPORATION, and AT&T MOBILITY LLC, <br><br> Defendants. | Civil Action No. 3:14-cv-3942 <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BASCOM Global Internet Services, Inc. ("BASCOM") brings this action for patent infringement and alleges as follows:

**I.  THE PARTIES**

1. Plaintiff BASCOM is a corporation organized and existing under the laws of Delaware with a principal place of business at 601 Veterans Memorial Highway, Suite 200, Hauppauge, New York 11788.

2. Upon information and belief, defendant AT&T Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 208 South Akard Street, Dallas, Texas 75202, and is doing business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

3. Upon information and belief, defendant AT&T Corporation is a corporation organized and existing under the laws of New York, with a principal place of business at One AT&T Way, Bedminster, New Jersey 07921; is doing business, either directly or through its

1

agents, on an ongoing basis in this judicial district and elsewhere in the United States; and has a regular and established place of business in this judicial district.

4. Upon information and belief, defendant AT&T Mobility LLC is a corporation organized and existing under the laws of Delaware, with a principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319; is doing business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States; and has a regular and established place of business in this judicial district.

## II. JURISDICTION AND VENUE

5. This is a civil action for the infringement of United States Patent No. 5,987,606 (the "'606 Patent") under the laws of the United States, 35 U.S.C. § 100 *et seq.*, including in particular 35 U.S.C. § 271. BASCOM owns the '606 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Defendants AT&T Inc., AT&T Corporation, and AT&T Mobility LLC (collectively, "AT&T") have minimum contacts with the Northern District of Texas such that this venue is a fair and reasonable one. AT&T Inc.'s primary place of business is in the Northern District. Upon information and belief, AT&T Corporation and AT&T Mobility LLC each have committed acts alleged herein to constitute infringement in this judicial district. Venue in the Northern District of Texas is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## III. BACKGROUND

8. On November 16, 1999, the United States Patent and Trademark Office duly and legally issued the '606 Patent, entitled "Method and System for Content Filtering Information Retrieved from an Internet Computer Network," to BASCOM, the original assignee of the '606 Patent. A true and correct copy of the '606 Patent is attached as Exhibit A.

9. BASCOM marked all or substantially all of its products covered by the '606 Patent in accordance with 35 U.S.C. § 287(a). AT&T thus received constructive notice of the '606 Patent prior to the filing of this lawsuit, in accordance with 35 U.S.C. § 287(a).

## IV. PATENT INFRINGEMENT

10. AT&T has infringed and continues to infringe the '606 Patent by (1) making, using, selling, and/or offering for sale AT&T's "Secure Network Gateway" service, "Web Security" service, "Cloud Web Security Service," policy control functionality for wireless-device services, and/or other web-filtering and security offerings (together, the "Accused Offerings"); (2) actively, knowingly, and intentionally inducing its customers to use the Accused Offerings in a manner that infringes the '606 Patent, all with knowledge of the '606 Patent and its claims, knowledge that its customers will use the Accused Offerings, and knowledge and the specific intent to encourage and facilitate its customers' infringing uses of the Accused Offerings through the creation and dissemination of promotional and marketing materials, product manuals, and instructional materials; and/or (3) contributing to the infringement of one or more claims of the '606 Patent by its customers by selling and offering to sell the Accused Offerings, knowing that the Accused Offerings constitute a material part of the inventions of the '606 Patent, knowing the Accused Offerings to be especially made or adapted to infringe the '606 Patent, and knowing that the Accused Offerings are not staple articles or commodities of commerce suitable for substantial noninfringing use. AT&T is therefore liable to BASCOM under 35 U.S.C. § 271.

11. AT&T has had knowledge and notice of the '606 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts. In addition, AT&T has had knowledge of the '606 Patent at least since October 16, 2008, when AT&T referenced the '606 Patent in an

information disclosure statement during the prosecution of AT&T's U.S. Patent No. 8,731,588 B2, App. No. 12/288,092.

12. AT&T's acts of infringement have caused damage to BASCOM, and BASCOM is entitled to recover from AT&T the damages sustained by BASCOM as a result of AT&T's wrongful acts in an amount subject to proof at trial. AT&T's infringement of BASCOM's rights under the '606 Patent will continue to damage BASCOM, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

13. Upon information and belief, AT&T's infringement of the '606 Patent is willful and deliberate, entitling BASCOM to the recovery of increased damages under 35 U.S.C. § 284. AT&T's own patents, including at least U.S. Patent No. 8,731,588 B2, indicate that AT&T had actual knowledge of the '606 Patent before this suit was filed. Nevertheless, AT&T has infringed and continues to infringe the '606 Patent despite an objectively high likelihood that its actions constitute infringement.

14. To the extent that AT&T's willful and deliberate infringement or AT&T's litigation conduct supports a finding that this is an "exceptional case," an award of attorneys' fees and costs to BASCOM is justified pursuant to 35 U.S.C. § 285.

### IV.  JURY DEMAND

15. BASCOM requests trial by jury pursuant to Federal Rule of Civil Procedure 38.

### V.  PRAYER FOR RELIEF

WHEREFORE, BASCOM prays for relief against AT&T as follows:

a. Judgment that AT&T infringes the '606 Patent;

b. Awarding BASCOM damages arising out of AT&T's infringement of the '606 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

c. Permanently enjoining AT&T, its respective officers, agents, servants, employees, and those acting in privity with it, from further infringement, including inducing infringement and contributory infringement, of the '606 Patent;

d. Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e. Awarding to BASCOM such other costs and further relief as the Court deems just and proper.

DATED: January 14, 2015                Respectfully submitted,

By:   */s/ Daniel J. Shih*

Arun S. Subramanian
   (admitted *pro hac vice*)
   New York State Bar No. 4611869
   asubramanian@susmangodfrey.com
**SUSMAN GODFREY LLP**
654 Madison Avenue
New York, New York 10065
Telephone: (212) 336-8330

Daniel J. Shih
   (admitted *pro hac vice*)
   Washington State Bar No. 37999
   dshih@susmangodfrey.com
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Terrell W. Oxford
   Texas State Bar No. 15390500
   toxford@susmangodfrey.com
**SUSMAN GODFREY LLP**
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900

Jeffrey David
   (admitted *pro hac vice*)

                    Texas State Bar No. 24053171
                    jdavid@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366

**ATTORNEYS FOR PLAINTIFF BASCOM GLOBAL INTERNET SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                              */s/ Daniel J. Shih*
                                              Daniel J. Shih