**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BASCOM GLOBAL INTERNET SERVICES, INC., | |
| Plaintiff, | Civil Action No. 3:14-cv-03942-N |
| v. | **JURY TRIAL DEMANDED** |
| AT&T MOBILITY LLC and AT&T CORP., | |
| Defendants. | |

## INITIAL CASE MANAGEMENT REPORT

Pursuant to the Court's Order Requiring Status and Scheduling Conference (Dkt. 24), Rule 26(f) of the Federal Rules of Civil Procedure, and Miscellaneous Order No. 62 ¶ 2-1(a), the parties provide the following report.

As directed, counsel for all parties conferred by telephone on January 30, 2015, with Arun Subramanian, Daniel Shih, and Jeff David for Plaintiff and Kurt Pankratz and Johnson Kuncheria for Defendants on the call.

## I.     MATTERS REQUIRED BY PARAGRAPH 1 OF THE COURT'S ORDER

### A.     Brief statement of the nature of the case and the contentions of the parties

This is an action for patent infringement.  Plaintiff contends that defendants are infringing its patent, U.S. Patent No. 5,987,606.  Defendants have not answered the complaint, but they have filed a motion to dismiss.  Plaintiff will oppose the motion.

### B.     Status of settlement discussions (excluding any discussion of amounts)

The parties have not engaged in settlement discussions.  Plaintiff believes that some discovery, at least regarding AT&T's unit and revenue base for the accused instrumentalities,

1

may be necessary to have an informed settlement discussion.  Nevertheless, plaintiff remains open to settlement discussions at any time.

Defendants believe that settlement discussions are premature at this stage of the case.

### C.      Possible joinder of additional parties

The parties are not currently aware of additional parties that might be joined.  However, the parties note that they have not yet exchanged disclosures or conducted discovery that might reveal the existence of additional parties to be joined.

### D.      Any anticipated challenges to jurisdiction or venue

The parties do not anticipate challenges to jurisdiction or venue.

### E.      Date by which the case will be ready for trial and estimated length of trial

Plaintiffs propose a trial date ten months after the Court holds a *Markman* hearing in this matter.  Plaintiff proposes seven days for trial.

Defendants propose that a trial date be set after the Court renders its claim construction order.

### F.      The desirability of ADR and the timing for ADR

The parties believe ADR is useful and propose mediation as the form of alternative dispute resolution.  The parties propose 30 days after the claim construction order as a potential deadline for mediation.

### G.      Any objections to disclosure under Rule 26(a)(1)

Plaintiff believes that the disclosure required under Rule 26(a)(1)(A)(iii), requiring a computation of damages claimed by the plaintiff, is premature and would require the benefit of fact and expert discovery.  Plaintiff would provide such disclosure in accordance with the Court's expert discovery schedule, as proposed below in Section II.

## II.     MATTERS REQUIRED BY MISCELLANEOUS ORDER NO. 62

### A.     Proposed modification of the deadlines provided for in this Order, and the effect of any such modification on the date and time of the claim construction hearing, if any

| EVENT | DEADLINE |
|---|---|
| Rule 16 conference | 3/17/2015 or soon thereafter as convenient to the Court |
| Rule 26(a) Initial Disclosures | 14 days after Rule 16 conference or after denial of AT&T's pending motion to dismiss, whichever is sooner |
| PLR[1] 3-1 and PLR 3-2 | 4/10/2015 |
| PLR 3-3 and PLR 3-4 | 6/5/2015 |
| PLR 4-1 | 7/3/2015 |
| PLR 4-2 | 7/24/2015 |
| PLR 4-2(c) | 8/7/2015 |
| PLR 4-3 | 8/14/2015 |
| PLR 4-4 | 9/18/2015 |
| PLR 4-5(a) | 10/16/2015 |
| PLR 4-5(b) | 11/20/2015 |
| PLR 4-5(c) | 10 days before Claim Construction Hearing |
| Technology Tutorial | 7 days before Claim Construction Hearing |

---

[1] PLR refers to patent local rules as set forth in Amended Miscellaneous Order No. 62 in the Northern District of Texas.

| Event | Deadline |
|---|---|
| Claim Construction Hearing | TBD by Court |
| Deadline for production of documents and privilege log relating to opinions of counsel, including PLR 3-8(a) | 21 days after claim construction order |
| Mediation | Within 30 days after claim construction order |
| PLR 3-6(a) | 30 days after claim construction order per Patent Local Rule 3-6(a) |
| PLR 3-6(b) | 50 days after claim construction order per Patent Local Rule 3-6(b) |
| Completion of fact discovery | 90 days after PLR 3-6(b) |
| Initial designation of experts and service of opening expert reports | 28 days after completion of fact discovery |
| Responsive designation of experts and service of responsive expert reports | 28 days after opening expert reports |
| Completion of expert discovery | 21 days after responsive expert reports |
| Last day to file dispositive motions | 28 days after completion of expert discovery |
| Pretrial conference | To be set by the Court before jury selection / trial |
| Jury selection / Trial | **Plaintiff's proposal**: 90 days after last day to file dispositive motions<br><br>**Defendants' proposal**: 120 days after last day to file dispositive motions or other date to be set by the Court |

**B.      Electronic discovery plan**

The parties' proposed electronic discovery plan is attached as Exhibit A.

**C.      The need for presenting technical tutorials to the presiding judge and the mode for presenting same**

The parties propose that a technology tutorial be presented prior to the claim construction hearing.  Plaintiff can present a tutorial in narrative video form on DVD, or a live tutorial, as the Court prefers.  Defendants propose that the parties present a live technology tutorial prior to the claim construction hearing.

**D.      Deviations from and additions to the protective order (see Appendix A)**

The parties are continuing to meet and confer with the goal of submitting an agreed protective order.

**E.      Whether either party desires the presiding judge to hear live testimony at the claim construction hearing**

At this time, the parties do not anticipate presenting live witnesses at the claim construction hearing.  To the extent any party elects to present a live witness at the claim construction hearing, that party will notify the Court and all other parties at least two weeks before the claim construction hearing.

**F.      The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses**

The parties do not at this time anticipate the need for any specific limits on discovery relating to claim construction.

**G.      The order of presentation at the claim construction hearing**

At this time, the parties do not know the order of presentation that will be desired at the claim construction hearing because the parties have not yet exchanged disclosures relating to claim construction pursuant to Section 4 of Miscellaneous Order No. 62.

**H.      The scheduling of a claim construction prehearing conference between attorneys to be held after the filing of the joint claim construction and prehearing statement required by paragraph 4-3**

To the extent needed, the parties will cooperate to schedule a claim construction prehearing conference after the filing of the joint claim construction and prehearing statement required by paragraph 4-3, and in accordance with the proposed schedule, above.

**I.      Whether the presiding judge should authorize the filing under seal of any documents containing confidential information**

The parties believe the presiding judge should authorize the filing under seal of any documents containing confidential information.   The parties anticipate that this issue will be addressed in the agreed protective order currently being negotiated between the parties.

**J.      The need for any deviation from the ordinary practice of early and late mediations, as well as the potential dates for early and late mediations**

The parties propose a single mediation deadline as provided in the proposed schedule, above.

**III.    PROPOSED DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)(3)**

**A.      What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**

Plaintiff incorporates its comments with regard to Section I.G. herein.   Further, the parties request that the timing for the parties to make their disclosures under Rule 26(a) be modified in accordance with the proposed schedule, above.

**B.** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

The parties agree that they will need fact discovery, including at least depositions and written discovery, as well as expert discovery, including at least expert reports and depositions. Discovery should not be conducted in phases or limited to or focused on particular issues. The parties propose that discovery will be completed in accordance with the proposed schedule set forth above. At the present time, plaintiff cannot reasonably determine at this time the entire scope of subjects on which discovery may be needed. Nevertheless, the parties anticipate needing discovery on the issues raised by the complaint (e.g., infringement, willfulness, and damages) and any issues, including potential defenses and counterclaims raised by the defendants (e.g., invalidity, licensing, and delay in bringing suit).

The parties' current view on discovery is preliminary and may change as the case progresses.

**C.** **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**

The parties are continuing to meet and confer with the goal of submitting an agreed electronic discovery order.

**D.** **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;**

The parties anticipate that this issue will be addressed in the agreed protective order currently being negotiating by the parties.

**E.** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

At this point, the parties do not anticipate that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil Rules. However, the parties may seek changes as factual discovery proceeds.

**F.** **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

At this time, there are no other orders that the Court should issue under Rule 26(c) or under Rules 16(b) or (c).


DATED: February 13, 2015                    Respectfully submitted,


By: _____                     By: */s/ Johnson Kuncheria (with permission)*

Arun S. Subramanian                         Bryant C. Boren, Jr.
   (admitted *pro hac vice*)                   Texas Bar No. 02664100
   New York State Bar No. 4611869          **BAKER BOTTS L.L.P.**
   asubramanian@susmangodfrey.com          1001 Page Mill Road
**SUSMAN GODFREY LLP**                       Building One, Suite 200
654 Madison Avenue                           Palo Alto, California 94304-1007
New York, New York 10065                     Tele: (650) 739-7500
Telephone: (212) 336-8330                    Fax: (650) 739-7699
                                             bryant.c.boren@bakerbotts.com

Daniel J. Shih
   (admitted *pro hac vice*)                 Kurt M. Pankratz
   Washington State Bar No. 37999            Texas Bar No. 24013291
   dshih@susmangodfrey.com                 Johnson Kuncheria
**SUSMAN GODFREY LLP**                         Texas Bar No. 24070092
1201 Third Avenue, Suite 3800                **BAKER BOTTS L.L.P**
Seattle, Washington 98101                    2001 Ross Avenue, Suite 600
Telephone: (206) 516-3880                    Dallas, Texas 75201-2980
                                             Tele: (214) 953-6584
Terrell W. Oxford                            Fax: (214) 661-4584
   Texas State Bar No. 15390500            kurt.pankratz@bakerbotts.com
   toxford@susmangodfrey.com               johnson.kuncheria@bakerbotts.com
**SUSMAN GODFREY LLP**

                                             **Attorneys for Defendants AT&T**

901 Main Street, Suite 5100                              **Mobility LLC and AT&T Corp.**
Dallas, TX 75202
Telephone: (214) 754-1900

Jeffrey David
   (admitted *pro hac vice*)
   Texas State Bar No. 24053171
   jdavid@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366

**ATTORNEYS FOR PLAINTIFF
BASCOM GLOBAL INTERNET
SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

_/s/ Arun Subramanian_
Arun Subramanian