UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BASCOM GLOBAL INTERNET SERVICES, INC., § § | |
| Plaintiff, § | |
| v.  § | No. 3:14-CV-3942-M |
| AT&T CORP. and AT&T MOBILITY LLC, § § | |
| Defendants. § | |

## ORDER

Pursuant to 28 U.S.C. § 636(b), the district court has referred BASCOM's Motion to Compel a Complete Answer to Interrogatory No. 6 [ECF No. 130] ("Motion to Compel") to the United States Magistrate Judge for recommendation or determination. *See* Order of Referral 1, ECF No. 135. For the following reasons, Plaintiff's Motion to Compel [ECF No. 130] is **DENIED**.

In 1999, the United States Patent and Trademark Office issued the "'606 Patent," entitled "Method and System for Content Filtering Information Retrieved from an Internet Computer Network," to Plaintiff BASCOM Global Internet Services, Inc. ("BASCOM"). Am. Compl. 2 ¶ 8, ECF No. 17. Plaintiff alleges that Defendants AT&T Corp. and AT&T Mobility LLC's (collectively, "AT&T") Accused Offerings infringe on the '606 Patent. *Id*. at 3 ¶ 10. Plaintiff's Motion to Compel seeks the Court to order AT&T to provide a complete answer to Plaintiff's Interrogatory No. 6. Pl.'s Mot. 1-2, ECF No. 131. Interrogatory No. 6 requests for AT&T to produce: (1) revenue by customer for the Accused Offerings;[1] (2) number of units sold and/or licensed for the Accused Offerings; (3) revenue from support and maintenance services for the Accused Offerings; and (4) profits from the Accused Offerings. *Id*. at 2; Pl.'s Reply 1, ECF No.

---

[1] At the hearing, Plaintiff alternatively referred to this request as "for each customer of the Accused Offerings, revenue for all AT&T products and services."

155. After Plaintiff filed its Motion to Compel, the parties held two separate conferences on April 24, 2017 and May 15, 2017. The parties have resolved a majority of this motion without Court intervention. The only remaining issues are Plaintiff's request for: (1) revenue for all AT&T products and services for each customer; and (2) names for each customer of the Accused Offerings. Defs.' Sur-Reply 3, ECF No. 157-2. The Court held a hearing on this motion on July 19, 2017. *See* Docket. Upon consideration of the arguments presented at the hearing, the parties' briefs, and the relevant law, the Court finds that the motion is ripe for determination.

### Legal Standard

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). In the discovery context, "relevancy" is broadly construed, and relevant matter includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Notwithstanding the broad scope of discovery, district courts must limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit" considering, among other things, the needs of the case, the amount in controversy, the importance of the issues at stake, and the importance of the discovery in resolving those issues. *See* FED. R. CIV. P. 26(b)(2)(C)(iii).

### Revenue by Customer for All AT&T Products and Services

BASCOM argues that AT&T has no reasonable objection to providing revenue for all AT&T products and services from its sales to customers of the Accused Offerings. Pl.'s Mot. 4, ECF No. 131. Plaintiff alleges this request "seeks information at the heart of damages in this case." *Id*. Plaintiff contends that "revenues, profits, and *convoyed sales* associated with the

accused products are all relevant to the calculation of a reasonable royalty damages award." *Id*. (emphasis added). [2] Plaintiff relies on factor number six as set forth in *Georgia—Pacific Corp. v. U.S. Plywood Corp.*,[3] which can be considered by a court in determining the amount of a reasonable royalty. 318 F. Supp. at 1120; Pl.'s Mot. 4, ECF No. 131. Plaintiff argues that the Accused Offerings are bundled with other AT&T products to provide customers with a single, comprehensive security solution that aids AT&T in retaining existing customers and should be considered as convoyed sales associated with the Accused Offerings.

Defendants contend that Interrogatory No. 6 goes beyond convoyed sales and is not proportional to the needs of this case. Defs.' Sur-Reply 3, ECF No. 157-2. Specifically, AT&T argues that Plaintiff's request for all revenue is overbroad because it requests for all revenues from any customer of the Accused Offerings. *See id*. In the materials presented at the hearing, Defendants emphasized that Plaintiff fails to make a preliminary showing of relevance in order trigger the *Georgia-Pacific* factors. Defendants rely on *Rite-Hite Corp. v. Kelley Co.*, which held "[the court's] precedent has not extended liability to include items that have essentially no functional relationship to the patented invention and that may have been sold with an infringing device only as a matter of convenience or business advantage." 56 F.3d at 1550. AT&T contends that Plaintiff has failed to show any "functional relationship" between the Accused Offerings and AT&T's other products and services. Defs.' Sur-Reply 3, ECF No. 157-2.

---

[2] "A 'convoyed sale' refers to the relationship between the sale of a patented product and a functionally associated non-patented product." *Am. Seating Co. v. USSC Grp., Inc.*, 514 F.3d 1262, 1268 (Fed. Cir. 2008). "A patentee may recover lost profits on unpatented components sold with a patented item, a convoyed sale, if both the patented and unpatented products 'together were considered to be components of a single assembly or parts of a complete machine, or they together constituted a functional unit.'" *Id*. (quoting *Rite–Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1550 (Fed. Cir. 1995)).

[3] *See Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D. N.Y. 1970), *modified sub nom. Georgia–Pacific Corp. v. U.S. Plywood–Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971) ("The effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.").

The Court finds that AT&T's objections have merit. Plaintiff's request for all revenue, including non-accused AT&T products, is not proportionate to the needs of this case. "Courts have routinely granted motions to compel discovery requests extending to unaccused products where the plaintiff has asserted a derivative or convoyed sales theory of damages, and where the plaintiff has *sufficiently articulated* how the documents at issue *are relevant* to that theory." *Invensas Corp. v. Renesas Elec. Corp.*, No. 11-448-GMS-CJB, 2013 WL 12146531, at *3 (D. Del. 2013) (citing cases, emphasis added); *see also Thought, Inc. v. Oracle Corp.*, No. 12-CV-05601-WHO, 2015 WL 2357685, at *4 (N.D. Cal. 2015) (affirming denial of motion to compel as overbroad when plaintiff failed to establish relevancy of requested discovery to plaintiff's convoyed sales theory). AT&T contends that the Accused Offerings and other AT&T products were sold together as a matter of customer convenience and the corresponding revenue is not relevant. In assessing whether liability exists for an unpatented product or service, "a functional relationship does not exist when independently operating and unpatented products are purchases as a package solely because of customer demand." *Rite-Hite*, 56 F.3d at 1550-51; *see also Am. Seating Co.*, 514 F.3d at 1268 (holding same). Plaintiff has not offered any argument that the Accused Offerings are sold in conjunction with any other AT&T products or services for any reason other than customer convenience or demand. Therefore, Plaintiff has not asserted a functional relationship between the Accused Offerings and any other AT&T product or service. Accordingly, Plaintiff has failed to make a preliminary showing of relevance for the discovery of revenue for all AT&T products and services sold to a customer of the Accused Offerings. The Court sustains AT&T's objection and Plaintiff's Motion to Compel is denied as to this request.

**Customer Names**

Plaintiff additionally requests for revenue information by customer including the customer's names. Pl.'s Reply 2, ECF No. 155. As clarified at the hearing, Plaintiff argues it needs the actual names of these customers as kept in the ordinary course of business to correlate the revenue lines with other documents that have been produced such as contracts and emails. Plaintiff argues this correlation will help paint a picture for the jury and aid in the presentation of their case. The Court notes that Plaintiff has expressed its willingness to enter into a protective order to protect the identities of the customers.

AT&T objects to Plaintiff's request for the names of customers as outside of the scope of Interrogatory No. 6 and that it implicates customer privacy issues. Defs.' Sur-Reply 2, ECF No. 157-2. AT&T argues disclosing the identity of customers could expose customers to internet security threats. *Id*. Defendants concede a protective order could protect the identity and security of these customers. *Id*. However, Defendants argue that Plaintiff has not provided any justification for the production of customer names that would outweigh the risk of the disclosure. *Id*.

AT&T's objection to producing the names of customers of the Accused Offerings is sustained. Plaintiff has failed to show how the customer names are relevant or provide any case law to support their argument. Plaintiff's arguments that the customer names will aid the presentation of their case to a jury does not constitute an adequate justification for Defendants to produce customer names or outweigh the expense of production. While "the threshold for relevance in discovery is low[,]" the Court "should not allow parties to 'roam in the shadow zones of relevancy to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *Mfrs. Collection Co. v. Precision Airmotive, L.L.C.*, No. 3:12-

CV-853-L, 2014 WL 2095367, at *1 (N.D. Tex. 2014) (citation omitted). Accordingly, Plaintiff's Motion to Compel as to this request is also denied.

## CONCLUSION

Accordingly, based upon the foregoing, Plaintiff's Motion to Compel [ECF No. 130] is **DENIED**.

**SO ORDERED**, this 31st of July, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE